MICHAEL HILGER, APPELLANT, v. THOMAS J. EDWARDS, RESPONDENT.

CONTRACT TO CUT CORDWOOD — RIGHT OF PROPERTY. Hilger, having purchased certain standing timber, contracted with Gibbons to cut it into cordwood and deliver it at a certain place by a certain time, for which Hilger was to pay a certain price per cord, three-fourths of the payment thereof as fast as delivered, and the balance when all delivered; it being also agreed that if payment was not made on delivery, or within ten days afterwards, Gibbons was to be the owner of the wood; and, further, that he should have a lien upon it for his pay. After Gibbons had cut the wood it was attached as his property, and

none of it was delivered as stipulated in the contract: *Held*, that wood could not be held on attachment against Gibbons as his property.

FORFEITURE OF RIGHTS AND LIEN UNDER CONTRACT BY NONCOMPLIANCE. Where a person contracted to cut down the timber of another, and deliver the same by a certain time at a certain place, for a certain price to be then paid, and was to have a lien upon the wood for the stipulated payments, and he failed to deliver by the time specified, though as he cut the wood, all his labor was worth: *Held*, that he had forfeited all right under the contract, and had no right of lien.

RIGHT OF PRESENT POSSESSION TO MAINTAIN REPLEVIN. In an action for the recovery of specific personal property, it is necessary for the plaintiff to show that he is entitled to the immediate possession.

EXCUSES FOR NONPERFORMANCE OF CONTRACT. Where a person contracted to deliver certain personal property by a specified time, and was prevented by its seizure under an attachment issued against him by a third person: *Held*, that legal difficulties of that kind constituted no excuse for a violation of his obligations under the contract.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action of replevin for the cordwood referred to in the opinion. Upon giving the proper undertaking, and due appointment of an Elisor, the property was taken out of the possession of the defendant and delivered over to the plaintiff. The writ of attachment against Spencer Gibbons, under which the defendant as Sheriff justified, was issued in a suit brought against him in the District Court, for the recovery of seven hundred and fifty dollars, by John E. Cheney. The judgment in favor of defendant, from which and the order overruling plaintiff's motion for new trial this appeal was taken, was for the return of the property, and in default thereof, for the sum of fourteen hundred dollars.

*A. C. Ellis*, for Appellant.
[No brief on file.]

*R. M. Clarke*, for Respondent.

I. To recover in this action, plaintiff must establish in himself either general or special property, and right of immediate possession; and unless the action could be maintained against Gibbons it cannot be against Edwards.

II. The growing timber was part of the realty, and as such the

property of Osterday; Gibbons severed it, changed it from real to personal property, and reduced it to his own possession, which possession he held at the time of the attachment. Hilger never possessed it.

III.   The wood was to be delivered at Harrup & Chamberlain's flume by November 15th, and to Hilger by December 1st, 1868. The attachment having been levied on November 11th, the performance of this condition was made impossible by the act of the law and excuses of Gibbons.

IV.   Gibbons was to hold the wood until payment made, and payment was not to be fully made until December 1st, 1868. This action was brought November 16th, 1868, without payment or tender of price for cutting; and as without such payment or tender there could be no right of possession in plaintiff he must fail in the action.

V.   The contract contains no terms of forfeiture against Gibbons. A proceeding by Hilger against him to recover possession of the wood must have proceeded, if at all, upon the theory that the contract was broken, and therefore a nullity; for Hilger could not have enforced it as to his side and disregard it as to Gibbons. He could not have taken the wood without paying for it.

By the Court, LEWIS, C. J.:

Upon a writ of attachment issued from the District Court of the Second District, against one Spencer Gibbons, on the eleventh day of November, A.D. 1868, the defendant, who was then the Sheriff of the County of Ormsby, seized and took into his possession about six hundred cords of cordwood, which is claimed by the plaintiff, and sought to be recovered in this action. The main issue in the case is upon the title and the right to possession of the wood, the defendant contending that the right of possession is in Gibbons, whilst the plaintiff claims that he is the owner and entitled to its possession. The facts out of which this conflict of right arises may be thus briefly stated: Hilger, on the sixth day of March, A.D. 1868, purchased of one Henry Osterday all the standing timber on a certain tract of land in the County of Ormsby, at a stipulated sum per cord. A few months afterwards he entered into an agree-

ment with Spencer Gibbons, the defendant in the attachment suit, whereby it was agreed between them that Gibbons should " cut and deliver to the party of the second part (Hilger) six hundred cords of good merchantable cordwood, or all the wood that the timber now standing, or being on what is known as " Dutch Henry's timber ranch, will make.   *   *   *   Said wood to be corded and delivered at or near the mouth or lower end of what is known as Harrupps' and Chamberlain's Flume.   *   *   *   All of said wood to be delivered as aforesaid on or before the fifteenth day of November, A.D. 1868.   The party of the second part agrees to procure, furnish, and pay for all the timber upon said ranch; and further, to pay to the party of the first part the sum of three dollars and sixty-two and one-half cents per cord in coin for all the said wood corded and delivered as aforesaid, except one hundred cords, for which he agrees to pay three dollars and seventy-five cents in coin per cord, payment to be made as follows: Three-fourths of the amount of the value of the wood to be paid as fast as delivered as aforesaid, and all to be paid as soon as this agreement is fully complied with and all the wood delivered as aforesaid.   And it is further understood by and between the parties, that in case the party of the second part fails or neglects to make the payments as aforesaid, or within ten days thereafter, the said party of the first part is to be the owner of all the wood corded and delivered as aforesaid; and the said party of the first part is to have a lien upon all the wood corded and delivered until he is fully paid for delivering the same."   Then follows this clause: " It is understood the payment as above stated is not to be made until the seventh day of November, A.D. 1868, when three-fourths of the wood then corded and delivered as aforesaid shall be paid for, and all to be paid when all shall be delivered; that is, on the first day of December next."

Whatever right or claim Gibbons had to this wood, if he had any, was acquired under this agreement.   And it is quite certain that the only right which he had at the time it was seized upon the attachment against him was a mere lien, or right to retain the possession as security for the performance of the contract by Hilger. It is claimed by counsel for defendant that Gibbons was the ab-

solute owner of the wood cut by him. There are certainly no words of sale in this agreement; nor is there anything in it indicating an intention to transfer the ownership from Hilger, but on the contrary we find stipulations in it utterly inconsistent with the ownership being in Gibbons. Thus it is provided that he shall have a lien upon the wood until the payment of the stipulated payments by Hilger. It is hardly to be presumed that he would have claimed a lien upon his own property. Again, it is provided that he shall be the owner of the wood, if the price were not paid by Hilger within ten days after its delivery. Why such provision if Gibbons were the owner before such failure? Indeed, there is not a word in this entire instrument indicating an intention to transfer the title to the wood to Gibbons, until the failure by Hilger to make the payments according to agreement. At the time the wood was seized none of it had been delivered, hence there could have been no forfeiture of Hilger's title. He was then at that time the owner of the property, and Gibbons could have had no right except that of a lien upon it, in accordance with the agreement. If the agreement were in force at the time this action was brought, that is, if Hilger were bound by it, and the lien continued, the right of possession would in that case be in Gibbons, and it is possible this action could not be maintained, as it is necessary that the plaintiff, in an action for the recovery of personal property, show that he is entitled to the immediate possession. But it is proven in this case that Gibbons had failed to comply with his contract, he not having delivered any of the wood on the sixteenth of November when this action was brought; whereas, it was made his duty to deliver the whole of it on the fifteenth. Here was a breach of the agreement on Gibbons' part, and Hilger had the right to abandon it entirely. Under a contract so broken Gibbons could at best have no right, except that of a claim for a reasonable compensation for the work done by him. He could not claim the right to deliver the wood after the day specified in the contract, except by the consent of Hilger and a waiver of the breach.. By the failure to deliver the wood on the fifteenth Gibbons forfeited all rights under the contract; and as he had been paid the full value of the work done by him prior to that time, he could claim no lien upon

Hilger *v.* Edwards.

the wood. He could not hold possession of what had been cut in expectation of the future fulfillment of his contract, for he had violated it; nor for work already done, because for that he had been fully paid, Hilger testifying that he had paid its full value.

It is argued, however, that by the latter clause of the agreement Gibbons had until the first day of December to deliver the wood to Hilger. We do not so interpret the instrument; at least it is clear all the wood was to be delivered at the end of the Chamberlain flume by the fifteenth of November, and as it is conceded that was not done, the contract in that particular was therefore violated. But taking the whole agreement together, we are satisfied that the wood was to be delivered to Hilger on the fifteenth of November, and the last clause was not intended to extend that time but only extend the time of the final payment to be made by Hilger. However, as the wood was not delivered at the flume at the specified time, there was a breach of the contract, and Hilger had the right to abandon it, and Gibbons could claim no further rights under it. Had this action been brought against Gibbons he could not avail himself of the right to hold the wood under an agreement which he had not fulfilled on his part; and it is conceded that the defendant stands in no better position than Gibbons would were he the defendant. The seizure of the wood upon the attachment on the eleventh day of November, can certainly constitute no valid excuse for the failure to deliver it in accordance with the contract. Gibbons, it is true, may thereby have been prevented from fulfilling his agreement in that respect, but that should not be allowed to affect the plaintiff's rights. We know of no rule of law which makes legal difficulties of this kind an excuse for a violation of obligations to others. We conclude, then, that Hilger is the owner of the wood, and as Gibbons had failed to fulfill his agreement, he forfeited all rights under it; and as he has received full payment for what wood has been cut by him, he can have no lien or claim upon it; and the defendant claiming from him has no better right. Hilger is therefore entitled to the possession.

Judgment reversed and cause remanded.

JOHNSON, J., did not participate in the foregoing decision.