HENRY L. CAPLES, RESPONDENT, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.

SERVICE OF SUMMONS UPON CALIFORNIA COMPANY.  Service of summons upon a California corporation, made in accordance with Sec. 29 of the Practice Act, is valid.

NO REVERSAL FOR ERROR WHICH DOES NOT PREJUDICE.  No error is noticeable or deemed material which did not or could not prejudice the rights of the party complaining.

SERVICE OF SUMMONS AFTER INSUFFICIENT ATTEMPTED SERVICE.  Where an attempted service of summons upon a California corporation was made in this State, and a subsequent service in California, under the provisions of Sec. 29 of the Practice Act: *Held*, that it made no difference whether an order refusing to quash the first service was correct or not, it appearing that the second service was good, and no prejudice done.

COSTS ON MOTIONS.  It is within the power of a court to permit the costs of motions made during the progress of the trial, such as to quash the service of summons, &c., to abide the event of the suit; there being no statute or rule of practice requiring the costs of such motions to be taxed against the losing party.

TRANSFER OF ACTIONS TO UNITED STATES COURTS.  Where a motion was made to transfer a suit brought against a citizen of California to the United States Court on the ground that the plaintiff was a citizen of this State; and on counter affidavits showing plaintiff to be a citizen of Missouri, the motion was denied: *Held*, no error.

TRANSCRIPT NOT CONTAINING ALL THE EVIDENCE.  An objection that the evidence is insufficient to support the judgment is unavailable on appeal, if the transcript does not purport to contain all the evidence on the point; it requiring an affirmative showing to rebut the presumption that all facts necessary to support the judgment were sufficiently proved.

JUDGE'S CERTIFICATE TO STATEMENT ON APPEAL.  The Practice Act (Secs. 197 and 335) does not contemplate that the judge shall certify that a statement on appeal contains all the evidence, but simply that it has been allowed by him and is correct.

18

Caples *v.* The Central Pacific Railroad Company.

ADDITIONS TO JUDGE'S CERTIFICATE TO STATEMENT. A judge's certificate to a statement on motion for new trial and appeal that the record contains all the evidence, will not be allowed to be added after the appeal has been perfected and the transcript become a record of the appellate court.

WHOLE CHARGE TO JURY TO BE CONSIDERED AS ENTIRETY. In determining whether an instruction or portion of a charge is erroneous or calculated to mislead the jury, the whole charge must be taken together and considered as an entirety; and if anything essential, omitted from the instruction or portion of charge, be found in another instruction or portion of charge, the omission will not be fatal.

ENFORCEMENT OF RULES OF COURT. Courts have power to adopt rules not in conflict with law; and when they have done so and the rules are reasonable, an appellate court will not interfere with their enforcement.

NOTICE OF MOTION TO RETAX COSTS. Where a rule of court required notice of motion to retax costs to be served within two days after the filing of the cost bill: *Held*, that it was no error to refuse to hear a motion to retax costs, when such notice had not been served.

DISCRETION OF COURTS AS TO THEIR RULES. Courts have a reasonable discretion in allowing or not allowing the requirements of their rules to be waived.

APPEAL from the District Court of the Eleventh Judicial District, Elko County.

The plaintiff was injured by a collision of cars on the Central Pacific Railroad at a point near Toano, in March, 1869, his skull being fractured, and being otherwise wounded and lamed. He obtained a verdict and judgment for the sum of eight thousand dollars in gold coin. His costs were taxed at the sum of nine hundred and ninety-eight dollars and thirty-five cents.

*Robert Robinson* and *Earll & Smith*, for Appellant.

I. If the first service was good, the second is a nullity. The question for this Court to pass upon is the regularity of the first service, for upon that we were ordered to trial.

II. As to whether the statement shows that there was other and sufficient evidence to justify the verdict, we are not disposed to discuss the opinion of this Court in the case of *Sherwood* v. *Sissa;* we are not unmindful of the fact that the question is there put at rest; but we imagine the rule does not require the statement to show in *words written* that it contains all the evidence received on the trial. If the Court can ascertain on the face of the record, no matter how, that the statement contains all the evidence ma-

terial to objections raised by appellant, the rule is fully complied with. It seems to us not indispensable to *write* at the conclusion of the statement " that the above statement contains all the evidence," for we had already said, in the assignment of errors, that there was no evidence in support of various material allegations of the complaint. The only question to be considered is, can it be ascertained from the record that the statement contains all the evidence material to the points of objection?

III. It was error for this Court to strike from the record the certificate of the Judge that the statement contains all the evidence material to the objections raised by appellant, because the Court below had entire control of its record; this Court must take it as it comes up; and the record can be amended at any time. (*Tillotson* v. *Cheetham*, 3 John. R. 94; *Rew* v. *Barker*, 2 Cow. 408; *Laysten* v. *Sneffen*, 1 Barb. 428; 3 Howard Pr. R. 250; 7 Howard Pr. R. 219; 1 Abbott's National Digest, 77, Note 61, 62; 1 How. Pr. R. 226; 2 How. Pr. R. 102.)

IV. The first instruction ignores the question of agency— whether the persons in charge of the cars were the agents or servants of defendant or of some other party. This is not law, and the instruction was calculated to mislead the jury.

The third instruction was to the effect that the law does not fix any precise rule of damages. As a matter of fact the law does fix a precise rule of damages, and it is this: that the party injured is entitled to compensation for his injuries. The instruction was therefore erroneous.

*M. Kirkpatrick* and *H. I. Thornton,* for Respondent.

I. The service of summons on Gillett, the agent of the company in this State, was good; but if not, the summons was subsequently sent to California, and served on the secretary by a person duly appointed by the Judge of Elko County; and this service was unquestionably good.

II. The statement does not affirmatively show that it contains all of the evidence adduced upon the trial; and in support of the judgment, if the evidence presented falls short, it will be presumed

that there was other and sufficient evidence to justify the verdict. (*Sherwood* v. *Sissa*, 5 Nev. 353.) And therefore the objections on account of insufficiency of evidence will not be regarded.

III. The right to make rules is given by statute. (Stats. of 1864–5, 112.) And the rule of the Court below, as to notice of motion to retax costs, is proper and abridges no right.

By the Court, Lewis, C. J. :

Before answering in this case, the defendant moved the District Court to set aside the service of summons made upon one of its agents in this State, upon affidavits setting out that he was not the proper person upon whom to make service. After notice of the motion, but before hearing, the plaintiff made an affidavit to the effect that the defendant was a foreign corporation, organized in the State of California; and that it had no president or other head, secretary, cashier or managing agent, within the State of Nevada, upon whom service of summons could be made; and upon it applied for and obtained an order appointing some person in California to serve the same in that State. This course is authorized by section twenty-nine of the Code of Procedure which reads thus : " Provided further that when such California corporation has no president or other head, secretary, cashier or managing agent upon whom service of summons can be had, the Court before which such action has been brought, or the judge thereof, may upon affidavit of the plaintiff showing the existence of the foregoing facts, make an order for the service on the defendant of a copy of the summons and complaint in the action. Such service may be made by some competent person appointed by the Court, or the judge thereof, or by the sheriff of the County within the State of California, within which the principal place of business of such corporation may be located. The service shall be upon the president or other head, secretary, cashier or managing agent of such corporation, and when proved to the satisfaction of the Court, by the sworn return of said sheriff or other person so appointed, shall be for all purposes as valid and effective as if made by a competent officer within this State. And in case such corporation shall not appear in the action

within forty days after such service, its default and judgment therein may be entered as in other cases." Service in accordance with this order was regularly made before the hearing of the motion to set aside the first service. The Court below denied the motion, and defendant excepted. It is unnecessary to determine whether the first service was regular and sufficient or not, or whether the Court should have granted the defendant's motion ; for even if it be admitted, as claimed by counsel for defendant, that the service so made was a nullity, still the error, if any, committed in denying the motion, was cured by the regular and sufficient service afterward made. It does not necessarily follow that every error or irregularity committed by the Courts in the trial of a case authorizes a new trial, or interferes with the verdict or judgment. Errors may be committed which it is perfectly manifest could not possibly have prejudiced the rights of either party, being trivial and immaterial.

Again, an error may occur in some material matter or step in the proceedings, and yet all injurious results be obviated by subsequent proceedings, and so rendered harmless. Thus, for illustration, if a motion for non-suit be made by the defendant upon the ground of failure to prove some material fact, although it appears the motion should have been sustained when made, still if the proof failed to be produced by plaintiff be afterward supplied, even by the defendant, the error in the ruling upon the motion will be unavailing on appeal. So it is very generally held that a verdict and judgment will not be disturbed for errors committed at the trial which it is apparent could not possibly have changed or modified them. Indeed, it may be stated generally that no error is noticeable or deemed material, which as shown by the record did not, or could not, prejudice the rights of the party complaining. (See *Fleeson* v. *The Savage Mining Company*, 3 Nev. 157.)

Admitting, then, that the Court erred in denying the defendant's motion to quash, yet if the record shows that such error did not result prejudicially, it is not sufficient to warrant a reversal of the judgment. We are unable to see how it could have effected an injury to the appellant. Good and sufficient service was made upon it, after that which is claimed to have been insufficient. It was not

denied that the service made in California was in exact accordance with the statute. The summons so served gave the defendant forty days wherein to answer the complaint. This was the time given by the statute, and the record shows that the full time expired before the answer was filed. But counsel claimed that they were prejudiced by the ruling, because the time to answer was shortened. However, the record shows no such fact. The second summons gave forty days, and the defendant took that entire time. Again, it is argued that it was prejudiced, because by the denial of the motion, the costs attending it were made taxable against it instead of the plaintiff, as they should have been if the motion was properly decided. But the record does not show that the costs of the motion were taxed against appellant. And even if they were, that would be no ground for reversing the judgment, for it is clearly within the power of the Court to permit the costs of all motions of this kind, made during the progress of the trial, to abide the event of the suit. The statute does not require the costs of such motions to be taxed against the losing party ; nor do we know of any rule of practice making it the duty of the Court to do so. The first error assigned is not therefore well taken.

The second assignment is, that the Court erred in overruling the defendant's motion to transfer the action to the Circuit Court of the United States. This motion was made upon petition, setting out that the plaintiff was a citizen of the State of Nevada, and that the defendant was a citizen of California, with all the other facts required in such petition. The plaintiff, however, opposed the motion thus made by an affidavit made by himself, accompanied by several others in support of it, showing very conclusively that he was not, and never had been, a citizen of the State of Nevada; but was at the time of suit brought, and for years prior thereto had been, a citizen of the State of Missouri. Upon these affidavits the motion was denied. If the Court had the right to make an inquiry as to the truth of the facts set out in the petition, or hear any proof in opposition to it, (and this is not denied) we cannot see how it could have decided the motion differently. If the plaintiff was a citizen of the State of Missouri, his action brought in the Courts of the State of Nevada is not of those authorized to be transferred

to the Federal Courts; and that he was so, can hardly admit of a doubt on the affidavits presented. The judgment cannot be disturbed on this ground.

The third, fourth, fifth and seventh grounds of error, are based on a supposed failure on the part of the plaintiff to prove certain facts material to his case, or to sustain the verdict. Thus, the third rests upon the failure to show that the injuries received by the plaintiff resulted from the negligence of the defendant or its agent, and to prove that the relation of master and servant existed between defendant and those who contributed to the injury of plaintiff. The fourth ground is, that the plaintiff adduced no evidence to show that the defendant was a common carrier. The fifth is, that the evidence shows that plaintiff received compensation for his injuries before bringing this action, and executed and delivered to the defendant a written discharge of all liabilities. This is undoubtedly true; but the plaintiff answered to this defense, that he was incapable of making any such contract at the time it was executed, by reason of mental derangement resulting from his injuries. It is admitted there was some evidence to sustain this position taken by the plaintiff. The seventh is that the damage is excessive. It is a sufficient answer to these four assignments that the record does not purport to contain all the evidence bearing on the points. For aught that appears of record, the evidence did show the injuries to be the result of the negligence of the defendant's agents or servants, that the defendant was a common carrier of passengers, and that the plaintiff was entirely incapable of executing the release relied on; and that it was disaffirmed by him within a reasonable time after his disability was removed.

We say the record does not show that all these facts were not proven at the trial, and in the absence of such affirmative showing this Court is controlled by the presumption of law that all facts necessary to support the verdict and judgment were properly and sufficiently proven. Such has been the uniform ruling of this Court since its organization, (*Sherwood* v. *Sissa*, 5 Nev. 34) and is also the rule adopted by the Courts of nearly all the States. To obviate the result of this rule, a certificate was obtained from the Judge of the Court below, to the effect that the statement con-

tained all the evidence brought out at the trial. But the statute does not contemplate such certificate by the Judge. He is simply required to certify that the statement has been allowed by him and is correct. (Practice Act, Sections 335 and 197.) His certificate would probably cover nothing but what this section requires him to certify to. However, in this case it was shown that the certificate thus made was substituted for one which contained no statement that the record embodied all the evidence, and that substitution was also made long after the new trial had been denied, the appeal perfected, and the transcript for this Court had been made out, and so had legally become a record of this Court. Such a practice is not permissible. If it were allowed, one of the objects of requiring a showing that the statement contains all the evidence, namely, to give the respondent an opportunity to supply any material evidence which may have been left out by the appellant, would be defeated. As the rule stood in this State when the statement on motion for new trial in this case was made out, there was no necessity whatever of his supplying any evidence omitted, for he had the right to rely upon the rule, that no notice would be taken of any point resting on the ground that the evidence did not support the verdict, if the statement did not show affirmatively that it embodied all the material testimony. If after the order is made overruling a motion for new trial, the Court may add such certificate, and so support a ruling which possibly could not otherwise be maintained, the respondent would never be safe in relying upon the rule adopted by this Court. The rule itself would be virtually abrogated, for the respondent could never safely rely on it; but in every case where the entire absence or insufficiency of evidence is assigned by the appellant, the respondent would be compelled to supply any omitted evidence which he might deem necessary to maintain the judgment of the Court. To maintain the rule and the practical benefits supposed to flow from it, it is necessary to adhere to the interpretation given to the statute in the case above referred to, namely, that the statement itself must show that it contains all the material evidence upon any point claimed by appellant not to be proved, or it will not be noticed in this Court. For these reasons we are constrained to pass over the third, fourth, fifth

and seventh assignments of error, without investigating their respective merits.

The sixth ground relied on is error in giving instructions one and three asked by the plaintiff. The first reads thus : "If the jury from the evidence believe that the plaintiff was a passenger on the railroad and train of defendant, as alleged in the complaint, and had paid his fare to the conductor of the train ; and that the plaintiff, whilst such passenger, was injured ; and that the injuries so sustained by him were occasioned by and the result of the gross negligence of the servants, agents and employees in charge of said train, in the management, directing and conduct thereof; and if the jury further believe that the release set out in the answer of defendant was executed by the plaintiff when he was *non compos mentis*, then you must return a verdict for the plaintiff."

The objection made to this instruction is, that it does not make it necessary for the jury to find that the persons in charge of the train at the time the injuries were received were in the immediate employ of, or acting at the time as the servants of, the defendant. Although not directly stated to be necessary, we think it can fairly be inferred from the instruction that the finding of that fact was essential to the plaintiff's case. But however that may be, it is in other instructions, and in the charge given by the Court upon its own motion, expressly stated to be a fact necessary to be found before a verdict could be rendered for the plaintiff. Thus, in the eighth instruction given at the request of defendant, the jury were told that " If the plaintiff at the time of receiving the injuries complained of was a passenger on the train of the Finance and Construction Company instead of the car or train under the control of defendant, the plaintiff should not recover." And the seventh instruction is to the same effect : " the jury being charged that although the defendant might be the owner of the cars and engine by which the plaintiff was traveling at the time of the injury, still if the train were not under its control the defendant was not liable." Again : the first instruction given by the Judge upon his own motion makes the fact that the train was under the management of the defendant or its agents at the time of the injuries essential to the plaintiff's right of recovery.

Thus, if the question were not fairly and explicitly submitted to the jury in the instruction complained of, it was so by the other instructions and by the charge of the Judge. It is a rule of law, than which none is more reasonable, that in determining whether any given instruction or a portion of a charge be erroneous, or is calculated to mislead the jury, the whole must be taken together and considered as an entirety. When, therefore, anything essential is omitted from an instruction, or any particular portion of a charge, still if found elsewhere or in another instruction given to the jury, the omission will not be deemed fatal: for in such case the charge as a whole, or the instructions taken together and not in the abstract, would be complete, and all that is required is that the law be fairly and clearly stated to the jury, that they be not misled by an incorrect statement of it. If, therefore, taken as an entirety the charge or instructions fairly state the law, they must be sustained.

This rule has its application also to the third instruction complained of, which reads thus: " In actions like this, the law does not fix any precise rule of damage, but leaves the amount to the unbiassed judgment of the jury." We certainly cannot say that this instruction is incorrect: as we understand it, it simply amounts to a statement that the law has fixed no exact measure of damage, or provided any exact method whereby the amount may be ascertained. This is undoubtedly true. In the case of a breach of contract for the payment of money, for example, the law fixes a precise rule of damage in all cases, which is legal interest on the principal; but in cases of this kind, the different results daily occurring in actions brought for similar injuries, demonstrate, at least, the truth of the instruction. Thus, one person is awarded ten, fifteen or twenty thousand dollars; while another, for an identical injury, may recover a mere nominal sum: however, there are in every case certain facts and conditions to be considered by the jury in determining the damage to be awarded, and others, of course, which should in no wise enter into their deliberations. Now, in this case the Court charged correctly in this respect. By the instructions following the last quoted, they were charged that in estimating the amount of damage, if any, suffered by the plaintiff, they

might take into consideration the nature and extent of his injuries, his physical suffering resulting therefrom, and his prospective disability. So, also, the Judge in his charge correctly states the elements to be considered in the ascertainment of the damages to be allowed. He says, you are to fairly and dispassionately consider all the evidence tending to show the nature and extent of the plaintiff's injuries, his physical suffering, and the prospective disability occasioned by the injuries. These are unquestionably the matters to be considered by the jury in the ascertainment of the sum to be given as compensation of the injured party; if, therefore, instruction third be not correct, its subject matter, the manner of arriving at the damage, or the matters to be considered in making the assessment, being correctly and fairly stated to the jury in the other instruction, no injury can be supposed to flow from it.

The eighth assignment of error is that the Court erred in overruling the motion to re-tax the costs. It appears that the motion was made and partially argued on the merits. Further argument was postponed for several days. Upon the second hearing, the objection was made by counsel for plaintiff that a certain rule of Court had not been complied with. That rule declares that " no bill of costs shall be re-taxed unless notice of a motion to re-tax be served within two days after the filing the same." This notice, it appears, was not given; hence the objection to the hearing. It is claimed, however, that the notice was waived by the appearance of counsel for appellant, and the partial argument of the motion on its merits.

Rules of Court are generally made as much for the convenience of Court as for any other purpose. The Courts usually have the power to adopt any rules not in conflict with law. Where they have done so, and they are reasonable, and there appears to be no legal objection to them, there should be no interference by any appellate tribunal with their enforcement. If rules be adopted for the convenience of the Court, we apprehend that the Court itself has some interest in enforcing them, and may or may not allow counsel to waive their requirements. In this case, it was not deemed advisable by the Court below to hold the rule referred to waived by the failure of counsel to urge the rule against the motion

at the earliest opportunity.    We do not feel authorized to inter-
fere with the Courts in enforcing their own rules, the rules them-
selves being legal.

The judgment of the Court below is affirmed.

GARBER, J., did not participate in the foregoing decision.