THOMAS LAMBURTH, Appellant, v. PETER DALTON et als., Respondents.

New Trial Statement Cannot be Certified After Appeal. After a motion for a new trial on a statement, which is neither agreed to, allowed or certified, has been decided and an appeal taken, the court below has no authority to add a certificate; and a motion in the Supreme Court for leave to add such certificate will be denied.

Appeal from the District Court of the Second Judicial District, Washoe County.

This was an action against Dalton as principal and A. A. Longley and John S. Bowker as sureties on the same injunction undertaking, which was the subject matter of complaint in the case of *Libby* v. *Dalton et als., ante* 23. There was a verdict and judgment for plaintiff for damages in the sum of $596 25 and costs. Defendants moved for a new trial, and

the court below in response thereto made an order that a new trial should be granted, to take effect upon a certain day unless in the meanwhile the plaintiff would remit $196 25 of the damages awarded.   He declined to do so and appealed from the order.

It appears that in due time after the verdict and judgment in the court below, defendants filed and served a statement on motion for new trial, and plaintiff filed and served amendments.   The defendants declined to accept the amendments and gave notice for settlement of the statement before the judge.   The motion for settlement and motion for new trial were argued together and taken under advisement.   Afterwards the judge corrected the statement and filed it with the clerk, together with his order granting a new trial; but he omitted to add his certificate of settlement to the statement. The statement as corrected and filed by the judge was inserted in the transcript on appeal, but without any certificate of agreement, allowance or settlement.

The respondents moved in this court to add the certificate of the judge below to the statement, as stated in the opinion.

*Robert M. Clarke,* for Appellant.

The court below erred in granting a new trial in the absence of an agreed, allowed or certified statement.   *McWilliams* v. *Hirschman,* 5 Nev. 263; *White* v. *White,* 6 Nev. 20.

*Haydon & Cain,* for Respondents.

I.   If it appears that defendants duly filed and served their statement and plaintiff filed and served amendments and that argument was had upon the hearing of the motion for settlement and new trial, it cannot be objected by plaintiff that the same does not appear to have been settled by

the judge or the attorney in said cause. *Williams* v. *Gregory*, 9 Cal. 76; *Dickinson* v. *Van Dorn*, 9 Cal. 207; *Morris* v. *Angle*, 42 Cal. 239. And especially so when as in this case the judge in the order for a new trial refers to the statement on motion for new trial.

II.   If the Court should hold that it will examine the record to see if there is or is not a certificate of settlement, it appears by the admission of appellant's counsel that there was a settlement in fact, but by neglect, inadvertence or mistake of the judge of the court, he failed to furnish the evidence of such settlement. The Practice Act, Sec. 68, authorizes the court to correct a mistake in any respect. The case being on appeal, this Court is the proper court to allow the correction of such mistake. *Sparrow & Trench* v. *Strong*, 2 Nev. 368; *Killip* v. *The Empire Mill Co.*, 2 Nev. 42; *State* v. *Pierce*, 8 Nev. 304; *Cooper* v. *Pacific Mutual Ins. Co.*, 7 Nev. 119.

III.   The motion for new trial having been submitted at the same time with the motion to settle statement (both being reserved by the judge after full argument by counsel,) no substantial right of appellant is affected; hence the defect should be disregarded. Practice Act, Sec. 71; *McManus* v. *Ophir S. M. Co.*, 4 Nev. 18.


By the Court, HAWLEY, J.:


This appeal is from an order of the district court granting a new trial. At the time the order was made the court did not have before it an agreed, allowed, or certified statement on motion for a new trial, as required by Section 1258, Compiled Laws, p. 347.

On the day this appeal was set for hearing respondent's attorneys moved this Court for leave to add to the statement a certificate of the judge allowing the statement, made

after the new trial was granted and after the transcript on appeal had been filed in this Court. It was held in *Caples* v. *Central Pacific R. R. Co.*, 6 Nev. 272, that such a practice was not permissible.

This Court having acquired jurisdiction of the case, the court below had no authority, while the appeal was pending, to give such certificate.

The order granting a new trial is reversed.