[No. 1277.]

ELWOOD BAILEY, APPELLANT, *v.* SYLVIO PAPINA, RESPONDENT.

ACTION TO RECOVER DAMAGES FOR TRESPASS — NEW TRIAL — STATEMENT OF EVIDENCE — PRESUMPTIONS. -- Where defendant's statement, on motion for a new trial, avers that the foregoing is all of the material evidence pertinent to the motion for new trial, and also shows affirmatively that other testimony, not set out, was introduced by plaintiff upon a point, as to which the motion alleges plaintiff's proof to have been defective, plaintiff, by failing to propose amendments to the statement, admits that the evidence not set out therein was immaterial, and therefore, the supreme court will not presume, upon appeal, that the evidence not set out was sufficient to sustain the judgment.

APPEAL from the District Court of the State of Nevada, Lincoln County.

A. L. FITZGERALD, District Judge.

The facts are stated in the opinion.

*George S. Sawyer* and *Trenmor Coffin*, for Appellant.

*A. E. Cheney*, for Respondent.

By the Court, LEONARD, C. J.:

This is an action to recover damages for an alleged trespass
upon certain unsurveyed public lands, known as the "Pines," and
for equitable relief by injunction.   Plaintiff's allegations of owner-
ship, possession, and right of possession of the *locus in quo* at
the time of the alleged trespass, and his allegation of damages,
are denied in the answer.   Defendant alleges ownership, pos-
session, and right of possession in himself.   Plaintiff recovered
judgment for one dollar, damages, and defendant was perpetually
enjoined from "using or diverting any of the water upon, issuing
or flowing from, the said land described in the complaint and
answer in said action as situated in Camp Valley, in the county of
Lincoln, state of Nevada, and known and called the 'Pines,' and
containing one hundred and sixty acres, and from in any way
interfering with the use and beneficial enjoyment thereof by said
plaintiff."   The action was tried by the court without a jury.
Defendant moved for a new trial upon the grounds of insufficiency
of evidence and errors in law.   Plaintiff appeals from the order
granting a new trial.

There are several reasons why the order appealed from should
have been made, although but one was stated by the court.   To
the statement, on motion for a new trial, is appended the
clerk's certificate to the effect that plaintiff had filed no amend-
ments to defendant's proposed statement.   In *Borden* v. *Bender*,
16 Nev. 50, we said: "When no amendments are offered. the cor-
rectness of the proposed statement is assumed."   In the state-
ment, the evidence introduced by plaintiff is first set out, and
immediately following are these words: "After some other tes-
timony, referring to possession, plaintiff closes his case."   At
the end of all the testimony there is this statement: "The above
and foregoing is all of the material evidence introduced on the
trial of said action pertinent to the motion for a new trial of
said action."   Upon these two facts set forth in the statement,

counsel for plaintiff say: . "The statement not only does not purport to contain all the evidence, but affirmatively states that other evidence in relation to possession was submitted on the part of plaintiff, and it must be presumed that sufficient other evidence was submitted to warrant the judgment." Possession by plaintiff, actual or constructive, was a prerequisite to recovery, and after judgment in his favor, until the contrary is shown, the presumption is that his possession was sufficient to justify the decision of the court. But if the record shows there was no evidence of plaintiff's possession of the land .in question, or of his right to the use and enjoyment of the water thereon, then the decision was wrong, and the court did not err in granting a new trial. But before the order granting a new trial can be upheld on the ground of insufficiency of evidence to justify the decision of the court, because of the entire absence of evidence of plaintiff's possession, or of his right to the use and enjoyment of the water thereon, such absence of evidence must ·be shown affirmatively. Is there such affirmative showing in this case? In his specification of particulars, wherein the evidence was insufficient to justify the decision, defendant stated that there was no evidence "that plaintiff ever appropriated or acquired any ownership or right to use any of the water at, in, or upon the premises in controversy, or at the Johnson and Warren Ranch, or was ever in the use or possession thereof; that there was no evidence showing that the plaintiff was in possession of the water or premises at the time of the alleged trespass; that there was no evidence showing or tending to show that the plaintiff, at the time of the alleged trespass, had the exclusive right to the use of the said water at the Johnson and Warren ranch, or otherwise." He also stated that the court erred in denying his motion for a nonsuit, for the reason "that it nowhere appeared from the testimony submitted on behalf of plaintiff that plaintiff was ever in possession and user of, or entitled to the possession and user of, any of the land described in plaintiff's complaint or defendant's answer, or to any of the springs and streams of water therein or thereon." It is settled law that only the points so specified can be considered on appeal, although the statement contains all the evidence admitted at the trial, and although there are no express findings, and findings necessary to support the judgment have to be implied.

It must be presumed that the verdict or decision is sustained by the evidence in all respects, except in those particulars in which the statement specifies the evidence to be insufficient. (*Rosina* v. *Trowbridge*, 20 Nev. 105.)  It follows that it is useless to embody in a statement any evidence except that bearing upon a point claimed by the moving party not to be proved, and that the statement itself must show that it contains all the material evidence upon such point.  (*Caples* v. *Central Pac. R. R. Co.*, 6 Nev. 272.)  If the statement, as presented by the moving party, does not show affirmatively that all of the material evidence bearing upon a point claimed not to be proved is embodied therein, then the opposite party is not obliged to supply any evidence omitted.  He may then rely upon the rule that no notice will be taken of any point resting on the ground that the evidence does not support the verdict, if the statement does not show affirmatively that it embodies all the material evidence upon such point.  (*Caples* v. *Central Pac. R. R. Co. supra.*) If, however, the statement shows affirmatively that it contains all the material evidence upon any point claimed not to be proved, then the opposite party must supply any omissions by amendment, or he is bound by the statement as filed.  In this case the statement proposed by defendant showed affirmatively that it contained all of the material evidence introduced on the trial pertinent to the motion for a new trial.  The evidence pertinent to such motion was that bearing upon the points in respect to which defendant claimed there was an entire absence of proof, as stated in his specifications,—that bearing upon the question of plaintiff's possession, and his right to the use and enjoyment of the water.  By failing to propose amendments, plaintiff admitted that the evidence set out in the statement " is all the material evidence introduced on the trial pertinent to the motion for a new trial," and that the " other testimony, referring to possession," not set out, was not material.  No express findings are embodied in the statement, and in their absence we must presume the implied findings were such as support the judgment.  The court could not have found for plaintiff without first finding as facts that he was in possession of the land, and that he had the right to use and enjoy the water.  The motion for a new trial having been made on the ground, in part, that there was no evidence of those facts, upon a statement containing all the material evidence bearing

Opinion of the Court—Hawley, J.

thereon we must review the evidence applicable to those issues as we would have done if the court had found them specially against defendant. (*Moore* v. *Lott*, 13 Nev. 380.) It will serve no useful purpose to state the evidence introduced. Counsel for plaintiff do not depend upon its sufficiency to sustain the judgment. There is absolutely no evidence of such possession, actual or constructive, by plaintiff, or of his right to the use and enjoyment of the water, as is necessary to maintain the action or support the judgment. The motion for a judgment of nonsuit should have been granted. The order appealed from is affirmed.