### No. 9868.

### HUFFAKER *v.* AUERT ET AL.

Decided May 2, 1921.

Action in replevin. Judgment for defendant.

### *Reversed.*

1. LIEN—*For Repairing Auto—Completion Within Reasonable Time.* Mechanics who fail to finish repairs on an auto within a reasonable time, have no lien thereon, and no right to retain possession of the machine.

2. TENDER—*Cost of Repairing Auto—Action.* The owner of an automobile, who has left it with mechanics for repairs and there is a dispute as to the amount due for services rendered, may tender the amount he admits to be owing, and bring an action in trover or replevin.

   A tender is necessary in such cases.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. S. S. ABBOTT, for plaintiff in error.

Mr. M. W. SPAULDING, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

REPLEVIN for an electric automobile. The court directed a verdict for defendant and plaintiff brings error. No brief is filed for defendants in error.

In August, 1917, plaintiff delivered the machine in question to defendants for repairs. He testifies in detail concerning the agreement between them. His evidence tends to prove that although the car remained with defendants from August to January 30th, the repairs were never completed; that the machine was considerably damaged by bad treatment, that nevertheless he tendered $80 and then $100, and demanded delivery but they refused.

The court was of the opinion that the tender was invalid because the claim of defendants was unliquidated, and that the evidence of failure to complete the repairs according to contract was inadequate.

The completion of the repairs was disputed, but the plaintiff's evidence on that point was definite and clear, among other things, that defendants agreed to make the machine run at least 45 miles to the charge, that they refused to let him test it though he went to their garage several times for that purpose, and that, when taken in replevin, it had to be towed. The witnesses to this state of facts were not discredited or impeached. It was further testified that the car was damaged to some extent by carelessness and by the delay, which was corroborated by evidence introduced by defendants showing that its value at the time of the suit was but $100, whereas, the plaintiff paid $850 for it and testified that was its value when he delivered it to defendants.

If the defendants failed for an unreasonable time to finish their work they had no lien and so no right of possession. *Hillsburg v. Harrison,* 2 Colo. App. 298, 301, 302, 30 Pac. 355; *Hilger v. Edwards,* 5 Nev. 84; *Hodgdon v. Waldron,* 9 N. H. 66. Plaintiff's position is strengthened by the damage to the car during the delay. These were matters for the jury. Besides this the reasonableness of

defendant's claim was for the jury, *Hall v. T. B. Co.*, 51 Mich. 377.

As to the tender we think the rule that there can be no valid tender upon an unliquidated claim applies only to tender upon debt to avoid costs of suit. It is sarcely reasonable to hold that if a lien holder claims items which are disputed the owner of the subject of the lien cannot tender what he admits is due and then bring trover or replevin. Tender is required in such cases, we think invariably (25 Cyc. 677), and therefore permitted. *Hillsburg v. Harrison, supra; Scarfe v. Morgan,* 4 M. & W. 270; *Hall v. T. B. Co., supra; Munson v. Porter,* 63 Iowa, 453, 456, 19 N. W. 290. If it were not so, no owner could recover his property or damages for conversion of it from one who claimed a lien for an unliquidated amount.

Judgment reversed and case remanded for new trial.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.