## GLUCKAUF *v.* BLIVEN *et al.*

A MORTGAGE, executed after the passage of the amendatory Homestead Act of 1860, by both husband and wife, upon the homestead, is valid, although given for borrowed money, provided a declaration of homestead had been made and recorded at the time of its execution.

The second section of the amendatory Homestead Act of 1860, applies only to such homesteads as are held under the declaration provided for in that act, and has no application to homesteads held under the Act of 1851.

The facts are stated in the opinion of the Court.

*H. O. Beatty*, for Appellants.

*James M. Burt*, for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to foreclose a mortgage executed by Bliven and wife, upon certain real estate claimed by them as a homestead. Thomas and Ashmore are made defendants, as holders of judgments which are liens upon the property, subsequent to the mortgage. The Court found for the plaintiff, and rendered judgment accordingly, from which the defendants appeal.

Bliven and his wife filed a joint answer, in which they aver that at the time of the execution of the mortgage, they held and claimed the mortgaged premises as a homestead, and still continued to so hold and claim the same; that prior to the commencement of the action they duly selected said premises as a homestead, and duly made, acknowl-

Gluckauf v. Bliven.

edged, and recorded their declaration of homestead; that the mortgage was not created by any laborer's or vendor's lien, but for borrowed money, and the interest thereon; and " that they are man and wife, and were, long before executing said mortgage, residing upon and occupying said premises with their family, of which plaintiff had full knowledge;" and they ask that their homestead claim be reserved and protected. The pleadings are sworn to, and the plaintiff, in his application, denies that before, or at the time of the execution of the mortgage, they held or claimed the premises as a homestead; but he does not deny that they were married, and resided upon and occupied the premises with their family, as specifically alleged in the answer. The replication also avers that they, at the time of the execution of the mortgage, disclaimed all intention of claiming the premises as a homestead, and that the declaration of homestead was not filed until October 10th, 1861. It also avers that a part of the debt secured by the mortgage was for the purchase money of certain undivided interests in the mortgaged property purchased by Bliven. No evidence was introduced by either party in relation to the homestead claim, and it therefore rests entirely upon the pleadings. The Court found that at the time of the execution of the mortgage, Bliven and wife had not dedicated the premises as a homestead; that they did not then claim it as a homestead; that the mortgage was duly executed and acknowledged by Bliven and wife, and duly recorded on the thirtieth day of November, 1860; and also found the amount of the indebtedness, but did not find that any part of it was for the purchase money of the premises, or any interest therein.

The mortgage was executed at a time when the amendments to the Homestead Law, adopted on the twenty-eighth day of April, 1860 were in force; by Sec. 2 of which it was declared that " no mortgage or alienation of any kind, made for the purpose of securing a loan or indebtedness upon the homestead property, shall be valid for any purpose whatsoever; *provided*, that a mortgage or alienation to secure the purchase money or pay the purchase money shall be valid if the signature of the wife be obtained to the same, and acknowledged by her, separate and apart from her husband." The mortgage in this case contains the following clause: " And the

21

said parties of the first part do hereby abandon, renounce, and disclaim all homestead, as well as right of homestead, in and to said property." The declaration of homestead was not made, filed, or recorded in accordance with the provisions of the Act of 1860, at the time of the execution of the mortgage. The case comes, therefore, fully within the principles announced by this Court in the case of *Cohen* v. *Davis* (20 Cal. 187), in which it was held that Sec. 2 only applied to those cases where the parties had duly established their homestead right, according to the provisions of the Act of 1860; and that where the parties claimed a homestead at the time of executing the mortgage, under the provisions of the Act of 1851, the Act of 1860 did not apply. In the present case, at the time of the execution of the mortgage, all the homestead right claimed by Bliven and wife was under the Act of 1851; and under that law, which governed the rights of the parties, the mortgage was a valid incumbrance upon the property.

After the case had been tried and submitted, and while the Court had the same under advisement, Mrs. Bliven applied to the Court for leave to file a separate answer, and the defendant Thomas also applied for leave to file an amended answer, both of which applications were denied by the Court; and this is assigned as error. The late period at which these applications were made, debarred these defendants from all claim to file such answers as a matter of right, and they were therefore subject to the discretion of the Court, and there was no abuse of that discretion to justify us in disturbing the judgment on that ground.

The judgment is therefore affirmed.