## Thomas C. Schell

### vs.

## The Second National Bank of St. Paul, et al.

An entry in the books of a corporation, verified by the person who made it, and whose duty it was to make such entries, and which was made in accordance with the course usually pursued by the corporation, is competent evidence.

If evidence is competent for any purpose, or in favor of any of the defendants, a general objection to it is properly overruled.

The owners of a wall that fell and injured the occupant of the adjoining building, are not liable for the injury, if they exercised proper care to make the wall safe, and after such care believed it safe.

The Court instructed the jury as follows: "The plaintiff must have been entirely free from any want of care, or from any degree of negligence, which contributed to the injury, or the defendants are not liable.

If the plaintiff, with ordinary care, might have avoided the injury, he is the author of his own injury, and cannot recover.

It is claimed " that the principle does not apply here where the plaintiff was in the lawful enjoyment of his own property. It is undoubtedly true, that a man cannot be driven from the use of his own property by the acts or negligence of his neighbors. He may use and occupy his own property, and although it may be in an exposed condition, that this does not absolve his neighbor from the exercise of proper care; but a man has no right to invite peril, or run into danger, even on his own property. If, for instance, it was apparent to the plaintiff when he entered his office, that there was danger of the walls falling, he was not justified in encountering the danger." *Held:* That there was no error in this charge.

The Second National Bank of St. Paul was the owner of a three story building situate on the corner of Franklin and Third streets, St. Paul. Joseph and Charles Dailey were the owners of a brick building adjoining on the east, the Bank and the Daileys being joint owners of the partition wall. Adjoining Daileys' building on the east was a one story building occupied by the plaintiff, a physician, as his office. On the 25th of May, 1866, the building belonging to the Bank except the outer walls and the upper portion of Daileys' building were burned. On the 25th day of June, 1866, the said partition wall fell over pushing with it portions of the walls of Daileys' building on to plaintiff's office injuring the plaintiff, who was in the office, and his property. The plaintiff brought this suit in the District Court for Ramsey County to recover the damages sustained by him, alleging that they were occasioned by the carelessness and negligence of the defendant, in allowing the walls of the building to remain in an insecure and dangerous condition. Issue was joined, and the cause tried before a jury, who found a verdict for the defendants. The plaintiff made a motion for a new trial, which was denied, and he appeals from the order denying the same to this Court, insisting that the Court below erred in its rulings on the trial, and

Schell v. The Second National Bank of St. Paul, et al.

in its charge to the jury.   The rulings and charge excepted to by the plaintiff sufficiently appear in the opinion of the Court.

I. V. D. HEARD and BRISBIN & PALMER, for Appellant.

LAMPREYS, for Respondent.

*By the Court.*—WILSON, Ch. J.—This action was brought for injuries done to the plaintiff's person and property, by the falling of a wall owned by the defendants.

There was a verdict for the defendants, and a motion for a new trial having been denied, the plaintiff appealed.

On the trial, D. A. Monfort, a witness for the defendants, testified, among other things, that he was Secretary of the Directors of said Bank, and kept the records thereof, and among such records was the following:

"SECOND NATIONAL BANK,
St. Paul, May 29, 1866.

SPECIAL MEETING.

Present Berkey, Braden, Edgerton, Farwell, George, Harwood, Nicols, Presley.

The meeting having been called for the purpose of taking into consideration the condition of the building belonging to the Bank, corner of Franklin and Third streets, recently partially destroyed by fire.   After some remarks by various members of the Board, it was moved by Mr. Dailey, 'that a committee of three be appointed to examine particularly into the present condition of the building, corner of Franklin and Third streets, owned by this Bank, and ascertain as nearly as possible the probable cost of restoring said building to a condition suitable for a hotel.   Also, that said committee are empowered and instructed to at once procure

vol. xiv.—4

lumber and materials, and have the walls of said building properly and securely supported and stayed.' The motion was carried and the committee appointed, of which Joseph Dailey was chairman." To which the plaintiff objected, on the ground, that the same was incompetent, immaterial and improper. The objection was overruled. The plaintiff excepted, the entry was read in evidence from such original records of said Bank, which had been previously identified.

The witness further testified, that Thomas Fitzpatrick was employed to prop the walls, by Joseph Dailey, chairman of said committee.

And thereupon the counsel for defendants asked the witness the following question:

"State whether or not that committee made a report to the Bank?"

Answer: "They did.".

Question by defendants: "State whether that report was acted upon?"

Answer: "It was."

The defendant offered to show by this witness what the committee did, and the report they made through their chairman. Offer objected to and excluded, as to everything except what the witness knew the committee did. Plaintiff excepted and exception noted.

The witness further testified, "the report was made ten days after the first meeting through the chairman of the committee verbally, and I entered it upon the records of the proceedings. A quorum of directors was present." The reception of this evidence is alleged as error.

The entry was a part of the transaction, and, as it seems, in accordance with the course usually pursued by the defendant, corporation, in such cases, and it was verified by the witness who made it, and a part of whose duty it was

to make such entries. In our opinion the evidence was properly received. See 1 *Greenleaf's Ev.*, *Sec.* 115–117, *and cases cited in notes.* If the evidence was competent for any purpose, or in favor of any of the defendants, the objection to it being general it was properly received.

The defendants, among other things, asked the Court to instruct the jury, "that if the jury are satisfied from the evidence in this cause that the defendants, in a reasonable time after the fire, caused the walls in question to be care-fully examined and inspected by competent persons before the hurricane, and upon such examination and inspection thereof, the said walls were found to be, and believed by the defendants, in the exercise of ordinary care, to be reasonably safe, the defendants are not liable. "

The Court gave the instructions adding, "that is so, including in the term 'competent,' persons acquainted with the climate, and the elemental forces required to be provided against." This the plaintiff insists was not law, and was calculated to mislead the jury.

The plaintiff's objection to this instruction is, that it was calculated to lead the jury to believe, that the defendants were not liable if they *believed* that they had exercised due diligence and care to support and render safe the wall. We think this objection untenable. The obvious meaning of the charge is that the defendants were not liable if they exercised ordinary care to make the wall safe, and after such care believed it safe. The subsequent charge of the Court placed this in a very clear light before the jury. It was in these words: "What the defendants thought was proper care, is not the test as to negligence, and the question is, was proper care used in fact, to stay the wall? It was not sufficient that the defendants believed the walls were safe. "

The defendants also asked the Court to instruct the jury

that "The plaintiff must have been entirely free from any want of care, and from any degree of negligence, which contributed to the injury, or the defendants are not liable. If the plaintiff with ordinary care might have avoided the injury, he is the author of his own injury, and cannot recover."

As a qualification of this instruction, which was given, the Court charged, "It is another principle of law that a plaintiff cannot recover if his own negligence contributed to the injury. It is claimed that this principle does not apply here, where the plaintiff was in the lawful enjoyment of his own property. It is undoubtedly true that a man cannot be driven from the use of his own property by the acts or negligence of his neighbor. He may use and occupy his own property, and although it may be in an exposed condition, that does not absolve his neighbor from the exercise of proper care; but a man has no right to invite peril, or run into danger even on his own property. If, for instance, it was apparent to the plaintiff when he entered his office, that there was danger of the walls falling, he was not justified in encountering the danger."

The majority of the Court (myself not assenting) are of the opinion that there was no error in the charge, and qualification, as applied to the facts of this case.

The order appealed from is therefore affirmed.