[No. 875.]

W. E. TERRY ET AL., RESPONDENTS, *v.* GEO. G. BERRY
ET AL., APPELLANTS.

JUDGMENT—FORM OR SUBSTANCE—RES ADJUDICATA.—A judgment should always be tested by its substance rather than its form. (HAWLEY, J.) Judgment in *Humboldt M. M. Co.* v. *Terry*, 11 Nev. 237: *Held*, to be *res judicata* as to the plaintiffs in that suit and all parties claiming under them.

DEED FROM TOWN-SITE TRUSTEE—SUFFICIENCY OF.—The facts authorizing the grantees to receive a deed from the trustee need not be recited in the deed. A bargain and sale-deed in the usual form, reciting a consideration of one dollar is sufficient to convey the title to the land, and is *prima facie* evidence that it was delivered to the party intended to receive it.

STATEMENT NOT CONTAINING ALL THE EVIDENCE—FINDINGS OF FACT.—Where the statement fails to show that it contains all the evidence the appellate court will presume that there was sufficient evidence at the trial to susaint the findings of the court.

DEED—PAROL EVIDENCE ADMISSIBLE TO EXPLAIN.—It is admissible to prove by parol that land sold under execution was situated in township thirty-six instead of township thirty, as described in the sheriff's deed.

IDEM—REFERENCES AND MONUMENTS.—The references and monuments contained in the deed, in the event of any discrepancy or mistake, control the other parts of the description.

HOMESTEAD—PARTNERSHIP PROPERTY.—A homestead cannot be carved out of land held and claimed by parties as copartners.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The court below found, among other facts, that Ginaca & Gintz were partners from 1868 up to January, 1875, engaged in business at Mill City and Winnemucca in Humboldt county; " that on the twelfth day of November, 1874, Geo. G. Berry, as trustee of the town site of Winnemucca, having received from the said Ginaca & Gintz the sum of four hundred dollars, in payment for the premises hereinafter described, together with a description of said premises then in possession of the said Ginaca & Gintz, and which had been in their possession, and in possession of their grantors, since 1867, by a deed granted, bargained, sold and conveyed to the said Ginaca & Gintz" the land described in plaintiff's complaint; that on the seventh day of January, 1875, the said Ginaca & Gintz conveyed said premises to the Humboldt M. & M. Co.; that it entered into the possession of said premises with said Ginaca as its managing agent "up to, on, or about the twenty-sixth of June, 1875, when the said Ginaca, with his wife and children, moved to the city of San Francisco, California, where they do now and have ever since resided;" that after Ginaca left said premises, G. G. Berry, as president, superintendent, or general manager of said Humboldt M. & M. Co., entered into the possession of said premises, "and is now and was, and for several months prior to the commencement of this action had been" residing on said premises; " that the said Ginaca & Gintz, as copartners, since they became the possessors and owners of said premises, have erected thereon several buildings which were used and occupied by their employees up to the time of their conveyance to said Humboldt Mill

and Mining Company;" "that the plaintiffs in this suit, on or about the fifteenth day of April, 1874, obtained judgment in this court against the said Ginaca & Gintz, which judgment on the same day was properly entered in the docket kept by the clerk of this court; and that within two years from the docket of said judgment an execution was duly issued, and all of the interest that the said Ginaca & Gintz had at the date of the docketing of said judgment, or subsequently acquired in and to the above-described premises, was sold by virtue of said execution, and the plaintiffs in this suit became the purchasers; and more than six months after the sale of said premises, no redemption having been made, said plaintiffs received from the sheriff of said county a deed for said premises; that some time in July, 1875, Mrs. Ginaca, while residing in San Francisco, subscribed and swore to a notice of a homestead claim to a portion of the premises above-described; and that said notice was properly recorded in the records of said county; and that defendant Berry, at the commencement of this action, was residing in said homestead claim as the tenant of Mrs. Ginaca; that all of the homestead claim consists of real property owned jointly by the said Ginaca & Gintz as co-tenants, or tenants in common, and was purchased and improved by the money belonging to the partnership firm of Ginaca & Gintz; and that at the date of said homestead claim the said Ginaca and his wife were, and have ever since continued to reside, in the city of San Francisco."

*M. S. Bonnifield*, and *George G. Berry* for Appellants.

I. The court erred in holding that the statement and affidavit of Ginaca & Gintz, authorizing a judgment to be entered against them and in favor of Friend, Terry & Doan without the indorsement thereon of "judgment" by the clerk, constituted a judgment. (*Hahn* v. *Kelly*, 34 Cal. 392.) An inspection of the judgment-roll contradicts the entry made in the judgment-book which was relied upon to sustain the judgment in 11 Nev. 237. If there was no judgment in the record there could be no valid lien upon the property of Ginaca & Gintz, and the entry of a judgment in the

docket by the clerk was a mere nullity, and could not bind the property of Ginaca & Gintz, or their grantee, who purchased for a valuable consideration.

II. The court erred in admitting in evidence the deed from the town-site trustee to Ginaca & Gintz. The recitals in the deed wholly failed to show that they were occupants, or in possession or entitled to the occupancy or possession of any part of the land, or that they either in person or by their agent or attorney, signed a statement in writing containing a correct description of the particular parcel or parts in which they claimed to be entitled to receive a deed, and delivered the same to the district judge. (Comp. L. sec. 3859.) A deed given to one not an occupant is void. (*Treadway* v. *Wilder*, 8 Nev. 98; 9 Nev. 91. The sheriff's deed does not recite nor does it show *aliunde* that the plaintiff produced a copy of the judgment. (*Wilcoxson* v. *Miller*, 49 Cal. 194.)

III. The court erred in admitting parol evidence to show that the lands described in the sheriff's deed to plaintiff as being in section twenty, township thirty, north range thirty-eight east, were situated in another and different township. There was no ambiguity in the description of the property as given in the deed. (*Ruhling* v. *Hackett*, 1 Nev. 360; *Quivey* v. *Baker*, 37 Cal. 468; Phillips on Evid. sec. 645; *Cameron* v. *Irwin*, 5 Hill. 272; *Chapin* v. *Clemitsen*, 1 Barb. 311; *De Reimer* v. *Cantillon*, 4 Johns. Ch. 85; *Quivey* v. *Baker*, 37 Cal. 468.) A deed which fits equally well different parcels of land is void for uncertainty. (*Mesick* v. *Sunderland*, 6 Cal. 297; *Keane* v. *Canovan*, 21 Cal. 291; Wells on Law and Fact, sec. 145.)

IV. The court erred in holding the property claimed by Mrs. Ginaca as a homestead to be partnership property. If it be true that Ginaca & Gintz were partners in all the lands claimed by them under a possessory right, before the deed from the trustee, that fact alone is not sufficient to fix and determine their interest in the property under the new title.

V. At the date of the deed from the trustee the premises, described in the declaration of homestead made by Martha

Ginaca, was occupied by herself, husband and family, and used as a family residence with all the characteristics of a homestead. Martha Ginaca was an occupant of a part of the public domain within the boundaries of the town-site of Winnemucca, and had a complete right to make application to the trustee for a deed for the premises so occupied by her. It is shown by the declarations of both Ginaca and Gintz that Gintz at no time claimed an interest in the homestead property, and no presumption will arise from a general copartnership which would overthrow his declarations accompanied with acts. Declarations made by a party in possession are always admissible against himself, and all persons holding under him, as to the extent of his estate or interest in property held in common with another. (*Cannon* v. *Stockman,* 36 Cal. 535; *McFadden* v. *Wallace,* 38 Id. 51.)

VI. No presumptions of abandonment of the homestead will arise from the fact that Mrs. Ginaca has since been absent from the state. (Comp. Laws, 187.)

*J. B. Marshall,* for Respondent.

I. The trustee's deed to Ginaca & Gintz is for the consideration of one dollar; this is sufficient to support a conveyance of land. (*Ocheltree* v. *McClung,* 7 W. Vir. 232.) It is a good and sufficient deed to convey the fee-simple, which is all the statute requires. (4 Kent. Com. 462; *Chiles* v. *Conley's Heirs,* 2 Dana, 22.) The deed is the evidence of the trustee's judgment in the adjudication of the rights of Ginaca & Gintz. (*Tecumseh Town-site Case,* 3 Neb. 276.) If the trustee conveys to the claimant before the expiration of the six months, and without receiving the statement described in Section 4 (2 Comp. Laws, 3859), the object of the statute has been accomplished, and the fact that the trustee waived the service of the statement, and executed the conveyance to the claimants cannot vindicate the deed, when no other claimant applied for the premises. If the deed was obtained through fraud, it can only be declared void by a court of equity. (51 Cal. 158.)

II. The description in the deed from the sheriff to the

plaintiff was sufficient. The fact that the number of the section was not inserted in the deeds makes no difference, as the descriptions otherwise appearing in the deeds are sufficiently certain to designate the land intended to be conveyed. (*Doe* v. *Roe*, 30 Georgia, 553; *Bybee* v. *Hageman*, 66 Ill. 519; 67 Id. 489, 581; *Beal* v. *Blair et al.*, 33 Iowa, 319; *Jackson* v. *Perrine*, 35 N. J. Law R. 137; *Lawrence* v. *Davidson*, 44 Cal. 177; 4 Kent's Commentaries, 467, and Note C.; *Smith* v. *Chatham*, 14 Texas, 322; *Wade* v. *Deray*, 50 Cal. 376.) If a deed recites two descriptions of the property conveyed, one of which sufficiently identifies the property, while the other is false, in fact, the false description should be rejected as surplusage. (*Reed* v. *Spicer*, 27 Cal. 57; *Vanse* v. *Fore*, 24 Id. 435; *Kimball* v. *Semple*, 25 Id. 440; *Haley* v. *Amestoy*, 44 Id. 132; *Piper* v. *True*, 36 Id. 606; *Walsh* v. *Hill*, 38 Id. 481; *Lawrence* v. *Davidson*, 44 Id. 177; *Wade* v. *Deray*, 50 Id. 376; *Doe* v. *Roe*, 30 Georgia R. 553; *Bybee* v. *Hageman*, 66 Ill. 519; 67 Id. 489; 67 Id. 581; *Beal* v. *Blair et al.*, 33 Iowa, 319; *Jackson* v. *Perrin*, 35 New Jersey Law R. 137; *Smith* v. *Chatham*, 14 Texas, 322.) Parol or extrinsic evidence is always admissible to explain the calls of a deed for the purposes of their application to the subject-matter, and thus give effect to the deed. (*Altschul* v. *S. F. C. P. H. A.*, 43 Cal. 173; *Romer* v. *Nesmith*, 34 Id. 624.) When the sheriff's deed described the land as in T. 32 W. R. 9 E., without stating in what county or state situated, held to be a latent ambiguity. (*Billings* v. *Kankakee Coal Co.*, 67 Ill. 489; see 50 Cal. 376.)

III. To impress the character of homestead upon the premises, the party claiming the homestead must be actually residing thereon at the time the declaration of homestead is filed. (*Prescott* v. *Prescott*, 45 Cal. 58.) A homestead cannot be carved out of lands held in joint-tenancy, or by tenancy in common, as the statute has provided no mode for their separation or ascertainment. (*Seaton* v. *Son*, 32 Cal. 483.) One partner cannot, by deed or otherwise, convey or dispose of partnership property, so as to enable one partner to hold a homestead on partnership property and prevent creditors from selling it in payment of their debts. (*Bishop* v. *Hubbard*, 23 Cal. 514.)

By the Court, HAWLEY, C. J.:

This is an action of ejectment to recover ninety-nine and ninety one hundredths acres of land in the town of Winnemucca upon which are situate the buildings known as the "Humboldt Reduction Works." The plaintiffs claim the property by virtue of a sheriff's deed, they having purchased said premises at sheriff's sale under an execution issued upon a judgment by confession in favor of said plaintiff and against J. Ginaca and A. Gintz, obtained on the fourteenth day of April, 1874.

The title of Ginaca & Gintz to the land in controversy was derived by virtue of a sheriff's deed under an execution sale in the suit of A. D. Splivalo against the Humboldt Canal Company, which claimed this and other lands by virtue of an act of congress, entitled "An act to grant the right of way to the Humboldt Canal Company through the public lands of the United States," approved June 12, 1866. (14 U. S. Stat. 64.) Ginaca & Gintz also claimed title in fee-simple to the premises by virtue of a deed executed by the trustee of the town-site of Winnemucca, on the fourteenth day of November, A. D. 1874.

The defendant Van Lennep was, at the time of the commencement of the suit, in the possession of a portion of the premises as the superintendent and servant of the Humboldt Mill and Mining Company, a corporation claiming title to the land by virtue of a deed executed by Ginaca & Gintz on the seventh day of January, A. D. 1875. The defendant Berry was in the possession of a portion of said premises as lessee of Martha Ginaca, wife of J. Ginaca, who claimed the same by virtue of her declaration of homestead recorded on the twenty-seventh day of July, A. D. 1875.

The cause was tried before the court without a jury. The court found in favor of plaintiffs. The defendants appeal from the judgment and from an order of the court refusing a new trial. We shall endeavor, without attempting to follow counsel in each of the thirty-seven specific points set forth in appellants' brief, to notice all the material questions presented by the record.

1. The validity of the judgment by confession, entered April 14, 1874, was sustained by this court in *The Humboldt M. & M. Co.* v. *Terry et al.*, 11 Nev. 237.

It is, however, contended by appellants that that case is not conclusive of the validity of said judgment, because the judgment-roll was not then before the supreme court. In the statement in this case the judgment-roll is presented, and it is now argued that the judgment is invalid because the words "judgment entered" are not indorsed on the statement and affidavit contained in the judgment-roll.

The indorsement after the title of the suit is as follows: "Statement of judgment by confession. Filed April 14, A. D. 1874. J. H. Job, clerk. Entered in book 'B' of judgments, pages 29 and 30, April 14, A. D. 1874. Attest: J. H. Job, clerk." The objection to the indorsement, like the objection to the judgment, reaches only the form, and does not touch the substance.

If the opinion in 11 Nev. is correct, and of its correctness I entertain no doubt, then it follows that the objections now made are without merit, for the indorsement does show that the "judgment by confession" was "entered" April 14, A. D. 1874, in book "B" of judgments. The opinion of this court, in 11 Nev. is conclusive upon the subject that "a judgment should always be tested by its substance rather than its form." In order to make the record of the judgment valid upon its face it is only necessary, as was said by the supreme court of the United States in *Maxwell* v. *Stewart*, 22 Wall. 79, for it to appear "that the court had jurisdiction of the subject-matter of the action and of the parties, and that a judgment had in fact been rendered. All else is form only."

The same reasoning applies with as much force to the judgment-roll as to the judgment. In this case the judgment-roll, as well as the judgment entered in the judgment book, does affirmatively show jurisdiction over the parties and of the subject-matter. It would, of course, be better if clerks would always conform to the usual and approved forms of entering judgments and making up judgment-rolls. The statutory provisions are not to be ignored. But there

are many mistakes, omissions and ambiguities, which the law overlooks as long, and only as long, as they do not affect the substance of the record.

There are several very respectable authorities which go further than it is necessary for us to go in this case, and hold that the existence of a correct judgment-roll is not absolutely essential to the validity of a judgment; that the judgment itself is always admissible to prove that a judgment was in fact entered, and that the omission of the clerk to make a correct copy of the judgment, and to properly annex the papers belonging to the judgment-roll, would not render the subsequent proceedings void. (*Williams* v. *Mc Grade*, 14 Minn. 48; *Lick* v. *Stockdale*, 18 Cal. 223; *Sharp* v. *Lumley*, 34 Cal. 614; *Galpin* v. *Page*, 1 Saw. 336.) The testimony of the witness La Grave that in his opinion the word "judgment" was not in the handwriting of the clerk, was insufficient and incompetent to establish any fraud in the entry of the judgment.

2. The court did not err in admitting in evidence the deed from the townsite trustee for the purpose of showing that the government title to the land in controversy had been conveyed to Ginaca & Gintz. The law does not demand that the facts authorizing the grantees to receive the deed from the trustees shall be recited in the deed. The statute makes it the duty of the trustee to convey the property "by a good and sufficient deed of conveyance" to the person or persons entitled to receive it. (2 Comp. L. sec. 3857.) The deed executed by the trustee is a bargain and sale deed in the usual form, reciting a consideration of one dollar, and is certainly sufficient to convey the title to the land. The deed was *prima facie* evidence that it was delivered to the persons entitled to receive it.

In *Sherry* v. *Sampson*, the court say: "When the probate judge has made a deed for any portion of said land to any person it will be presumed in the absence of anything to the contrary that he has made the deed to the proper person." (11 Kan. 615.) But even if it were necessary for the plaintiffs to show by evidence *aliunde* that they were entitled to the deed, we are not called upon, by the record before us,

to decide whether the evidence was sufficient to authorize the trustee to execute the deed because the statement on motion for a new trial fails to state that it contains all the evidence, and we are therefore bound to presume that all the facts necessary to sustain the findings of the court upon this point were properly proven.

It is true that the judge, in his certificate, states as a "fact that said statement contains all the evidence in said cause." But this is not sufficient. The statute only requires the judge to certify that the statement "has been allowed by him, and is correct" (1 Comp. L. 1258, 1396), and, as was intimated in *Caples* v. *The C. P. R. Co.*, 6 Nev. 271, the certificate of the judge covers nothing more than is required by the statute.

3. The conclusions reached as to the admissibility of the deed from the townsite trustee, and of its sufficiency to convey the government title, renders it unnecessary to consider any of the points made by appellants with reference to the admissibility of the deed from Splivalo to Ginaca & Gintz.

4. The court did not err in admitting parol evidence to show that the land sold by the sheriff, under the execution issued upon the judgment by confession against Ginaca & Gintz, was in township thirty-six, as alleged in the complaint, instead of township thirty, as described in the sheriff's deed. The deed from the townsite trustee to Ginaca & Gintz properly described the land as being in township thirty-six. The sheriff, in the notice of sale, certificate of sale, and in his deed, erroneously described the land as being in township thirty.

The full description given in the sheriff's deed reads as follows: "Those certain lots, pieces and parcels of land and property situate, lying and being in Humboldt county, Nevada, and bounded and particularly described as follows, to wit: Commencing at a post at the north-east corner of the south-west quarter of section 20 of township 30 N., R. 38° E., Mount Diablo base and meridian, running west to center of Humboldt river, following said river to the junction of T. Lay and J. M. Barrett's land (or the land formerly owned by them); thence running south, 47° 15′ E., to a post

at the corner of George Barrett's land (or the land formerly owned by him); thence running with a curve of the Humboldt canal, at a distance of 60 feet north of the center of said canal, to the south-east corner of lot No. 4, block 29; thence east to a post at the south-east corner of said south-west quarter of said section 20; thence running directly to the point of beginning; with that certain quartz-mill known as the 'Humboldt Reduction Works,' and all buildings and improvements located on, or belonging to, said land; said parcel of land containing ninety-nine and ninety one-hundredths acres, as appears on the map filed in the office of the recorder of Humboldt county, Nevada." It is apparent from this description that it was the intention of the grantor to convey ninety-nine and ninety hundredths acres of land, with the quartz-mill known as the Humboldt Reduction Works.

The parol evidence shows that the Humboldt Reduction Works are situate in township 36. Taking the description as given in the deed, with all its references, there can be no question as to the land actually intended to be conveyed. The description of the land would have been good if the township had not been specified. The references and the monuments specified in the deed control the other parts of the description, and, in the event of any discrepancy or mistake, are to be taken instead of the designation of the land as being situate in any named township. (*Loomis* v. *Jackson*, 19 John. 448; *Tenny* v. *Beard*, 5 N. H. 61; *Berry* v. *Wright*, 14 Tex. 273; *Everett* v. *Boardman*, 58 Ill. 430.)

It was the duty of the court to admit the parol evidence in order to ascertain the correct description of the land (not to vary or contradict the terms of the instrument), and to reject that portion of the description which was shown to be false. (*Thompson* v. *Jones*, 4 Wis. 110; *Seaman* v. *Hogeboom*, 21 Barb. 406; *Raymond* v. *Coffee*, 5 Oregon, 134; *Bybee* v. *Hageman*, 66 Ill. 521; *Reed* v. *Spicer*, 27 Cal. 57; *Piper* v. *True*, 36 Id. 619; *Haley* v. *Amestoy*, 44 Id. 132.)

5. With reference to the homestead claim asserted by Mrs. Ginaca, and relied upon by appellant Berry, it is sufficient to state that, in our opinion, the testimony clearly

shows that the land was claimed and held by Ginaca and Gintz as copartners. If, however, there was any doubt upon this point, it would be our duty, inasmuch as the statement on motion for a new trial does not purport to contain all the evidence, to presume that there was ample testimony to establish this relation.

The declarations of Ginaca were admissible to show that he and Gintz were copartners in the property claimed by Mrs. Ginaca as a homestead prior to the time of the execution of the deed by the town site trustee. Such declarations would not be conclusive that such partnership continued after the execution of said deed, but would make it incumbent upon the defendants to show that thereafter the property was not claimed or held in the same relation.

The doctrine is well settled in California that a homestead cannot be carved out of land held in joint-tenancy or tenancy in common. (*Seaton* v. *Son,* 32 Cal. 483, and authorities there cited.)

The judgment of the district court is affirmed.

BEATTY, J., concurring:

In the case of *Humboldt Mill and Mining Company* v. *Terry et al.* (11 Nev. 237), I expressed the opinion (which is only confirmed by the fuller presentation of the facts made in this case) that there never was any judgment in favor of these plaintiffs upon the confession of Ginaca & Gintz, and consequently that the plaintiff in that action acquired the title of Ginaca & Gintz free from any lien in favor of these plaintiffs. The court, however, determined otherwise, and the question cannot be again raised by the Humboldt Mill and Mining company, or those claiming under them. As to them the matter is *res judicata.*

If, therefore, Ginaca & Gintz conveyed to that corporation a perfect title to the premises in controversy, subject only to the lien of these plaintiffs, and if they have purchased the premises under execution issued upon their judgment, there is an end of the case, for no one who is in a position to question the correctness of the former decision of this court can have any valid claim thereto.

On both these points the findings of the district court are conclusive, and as there is no statement of the case which purports to contain all the evidence, the correctness of the findings cannot be questioned.

It appears therefrom that Ginaca & Gintz, as partners, occupied the land and acquired the government title thereto from the trustee of the town site of Winnemucca, while the judgment of plaintiffs constituted a lien upon all their real estate in Humboldt county.

They conveyed the property to the Humboldt Mill and Mining company subject to the lien. After it had been so conveyed, Mrs. Ginaca filed a declaration of homestead, but this was totally invalid, for two reasons: First, the land was the partnership property of Ginaca & Gintz; and, second, at the time of making and filing her declaration she had removed from the state and has never since returned.

Upon the other points discussed I concur in the opinion of the chief justice, and I concur in the order of affirmance.