## Case No. 3,058.

COMMERCIAL & SAV. BANK v. COR-BETT et al.

[5 Sawy. 543.][1]

Circuit Court, D. Nevada. June 9, 1879.

HOMESTEAD—PARTNERS—OBLIGATION CONTRACTED FOR IMPROVEMENTS — DECLARATION OF HOMESTEAD.

1. Accepting the decision of the supreme court of Nevada in Terry v. Berry, 13 Nev. 514, as one a court of the United States, sitting in Nevada, is bound to follow, it is *held*, that there can be no homestead carved out of land held by parties as partners.

2. A note and mortgage given for money borrowed expressly for erecting improvements on a homestead and actually used for that purpose, constitute an obligation contracted for the erection of improvements thereon within section 30, art. 4, Const. of Nevada, and the homestead is not exempt from sale therefor.

3. A mortgage of property occupied by husband and wife as their homestead, duly made and recorded by the husband alone before such property has been selected as a homestead by filing for record the declaration provided for in the homestead act of Nevada, is valid and superior to the homestead claim.

Suit [by the Commercial & Savings Bank of San Jose] to foreclose a mortgage. Two of the defendants, Daniel G. and Wm. H. Corbett, are brothers, and have been general partners since the year 1860. The property covered by the mortgage was bought with partnership funds and held as partnership property. Block 56, the premises in dispute, has for several years been the residence of both partners and their wives and children. In August, 1876, a fire burnt down the "Corbett House situated on this block, and afterwards in October of the same year the com-

plainant loaned twenty thousand dollars to the Corbett brothers for the express purpose of building a hotel on block 56; and as security therefor the brothers executed the mortgage now in question which covers that block. Subsequently and after the filing of the bill in this suit, the wives of the brothers each filed a declaration of homestead upon block 56, and were afterwards, by agreement of parties, made defendants with their husbands. The money borrowed, twenty thousand dollars, was actually used in erecting a brick hotel on a portion of block 56. In purchasing block 56 the brothers took joint deeds of the various lots, thus becoming, under the statute of Nevada, tenants in common of the block. The Corbett brothers are insolvent."

[A receiver was heretofore appointed herein, and an order made letting him into possession of the mortgaged property. See Case No. 3,057, next preceding.]

Robert M. Clarke, for complainant.

Jonas Seely and A. C. Ellis, for defendants.

Before SAWYER, Circuit Judge, and HILL-YER, District Judge.

HILLYER, District Judge. The first question regards the nature of the title as bearing on the homestead right. There is no doubt, on principle, a marked difference between lands held by partners and devoted to partnership use in such manner that it is partnership property, applicable to the payment of the joint debts in equity, at the instance of either partner, and lands held by such partners simply as tenants in common, to which no such equitable right of the partners attaches. When real estate is so situated that a court of equity regards it as a trust estate for the joint creditors, the interest of the partners therein is in the surplus only, and hence it is evident no homestead could be set off as against joint creditors, having a right to avail themselves of the partners' equity, out of such real estate if the firm were insolvent. But there is no room for the application of this doctrine to the present case, for it is not denied that the partners jointly executed this mortgage on the joint property, and no joint creditors are here contesting the plaintiff's right. The contention here is between the mortgagors and mortgagees, and for the purposes of this case the lands mortgaged must be looked upon as held by the Corbetts as tenants in common, and no question of resulting trust can arise between the parties to this suit. This is the most favorable view for the defendants claiming a homestead.

The question then is whether, under the laws of Nevada, tenants in common can have a homestead right in the common property. Were the point res integra I should have no hesitation in deciding that a tenant in common, who actually resides and makes his home upon the common property, should

have such home, to the extent of his interest therein, protected from forced sale. By both the constitution and law of Nevada it is the homestead which is exempt. Nothing is said about the kind of title a man must have to secure the exemption. Why should the fact that a debtor owns but a half interest in his home put him in a worse, and his creditors in a better, position than he would occupy were the debtor owner of the entire estate? The question of title is not one which concerns the creditor. That rests between the debtor and the party owning the residue of the estate. In re Swearinger & Lamar [Case No. 13,683].

The supreme court of Nevada, however, has adopted a different view of the law upon this point, and has held that out of property situated like that now in question no homestead can be taken. Terry v. Berry, 13 Nev. 514. An attempt was made by counsel to distinguish that case from this, because there the court found that the property out of which a homestead was claimed "was claimed and held by Ginaca and Gintz as copartners." But the same can be said in this case. The Corbett brothers claimed and held the land now in question as copartners. Ginaca and Gintz were tenants in common, as the Corbetts are. In neither case is there any question raised involving the equitable right of one partner or of the joint creditors to have the partnership property applied to the payment of the joint debts in preference to the homestead. Moreover, in this case the partners having made a valid mortgage of the property before the joint creditors took any steps to enforce their rights, their right is gone, their equity being that of the partners, and only available so long as the equity of the partners subsists. If, then, any distinction exists between the case of Terry v. Berry [supra], and this, it is to the disadvantage of defendants rather than otherwise. A decision by the highest court of the state of Nevada construing the constitution and statute of that state is binding on us. We are therefore bound to hold that the homestead law of Nevada does not permit a homestead to be held by a tenant in common in the common property.

For another reason the complainant is entitled to a decree for the sale of the whole of block 56, admitting it to have a homestead character. By the constitution of the state of Nevada (article 4, § 30) it is provided that "no property shall be exempt from sale * * * for the payment of obligations * * * contracted for the erection of improvements thereon." If, then, the mortgage is an obligation within this clause and contracted for the erection of improvements on the block, the payment of it may be inforced by a sale of the block. It is perfectly clear from the evidence that the money secured by the mortgage was borrowed for the express purpose of erecting a hotel, that it was actually used for that purpose, and that the money would not have been loaned on block 56, except upon the understanding that it was so to be used, thus increasing the security.

The defendants argue, that the constitution only extends to obligations contracted for labor or materials actually done or furnished for the improvements, and does not reach an obligation given like this one for money to be applied to payments for labor and materials used in building the improvements. The soundness of this argument cannot be admitted. Money borrowed upon note and mortgage, as this was, for the purpose of paying for labor and material, is, in reason, a thing as much to be protected as the debt of the laborer or material-man when they work or furnish materials on credit. This money has paid the laborer, the material-man, and has, in fact, built the house. It seems a self-evident proposition that the note and mortgage given to secure the money so borrowed and used, constitute an obligation contracted for the erection of improvements. We therefore think that the exemption from sale claimed cannot be allowed as against the note and mortgage of the plaintiff.

The whole block is considered as impressed with the homestead character, and therefore the hotel, although it only covers four lots, must be treated as an improvement on the whole. The defendants themselves have in the course of this suit claimed that the whole block 56 must be regarded as impressed with a homestead character. The case of Smith v. Stewart, 13 Nev. 65, seems to us to justify that claim. Under that decision the tract of land upon which a homestead is located may be held as such to the extent of five thousand dollars in value, regardless of other uses to which the land may be put while used and claimed as a homestead.

Upon still another ground we think there must be a decree against the defendants. This homestead right, if any such was acquired, must have been acquired under the act of March 6, 1865 (1 Comp. Laws, p. 60, § 186 et seq.), which, so far as relates to the question involved, is a verbatim copy of the California act of April 28, 1860 (Stat. 1860, 311). Under the constitution of Nevada a homestead right is acquired "as provided by law." Const. art. 4, § 30. Now, the mode provided by law is, as prescribed by the act of 1865 above cited. To secure the right there must be a declaration in writing, either by husband or wife, or both, making the claim and stating the matters required by that act, signed, acknowledged and recorded as conveyances affecting real estate are required to be acknowledged and recorded, "and from and after the filing for record of said declaration the husband and wife shall be deemed to hold said homestead as joint tenants," that is to say, the character of homestead attaches, and the estate takes its new characteristics as such from the date of this record. Smith v. Shrieves, 13 Nev. 303.

The mortgage in this case was made and

recorded long before the filing of the declaration of homestead. There can be no doubt, we take it, that if the Corbetts at the date of the mortgage had sold this property (block 56), taking their pay for it, and had executed a conveyance in fee, such conveyance could not have been defeated by any subsequent filing of a declaration of homestead by either husband or wife, or both, or in other words, by any homestead right acquired after the making and recording of the conveyance. Hawthorne v. Smith, 3 Nev. 182; Estate of Walley, 11 Nev. 265. If so, the mortgage cannot be defeated, for it was executed for a valuable consideration when no homestead right had attached, "as provided by law." The object of the law requiring a declaration to be filed, among other things, "particularly describing the premises," was doubtless to give notice to parties dealing with the property, and till such notice parties could safely deal with it.

This is not like a case of attachment or judgment lien. Those are but general liens imposed in invitum by the law. The party parts with no consideration to obtain them until he actually purchases at the sheriff's sale. The indebtedness has already been incurred without taking security, and the attaching or judgment-creditor is only seeking to force himself, under the law, into a better position. Until he has purchased at the sale he has parted with nothing on the credit of the property. If a sale should actually take place before any claim of homestead is made I apprehend a title would pass, notwithstanding a subsequent claim of homestead should be made with all the forms of law.

This seems to be the view of the law taken by the supreme court of Nevada in Hawthorne v. Smith, supra. But in making this mortgage there was the consent of the party, and the mortgage was given in consideration of the money advanced. The money was advanced on the credit of the property and the mortgagee stands in the same position that a bona fide purchaser taking a conveyance in fee would occupy. The property, under the constitution and laws, had not then been impressed with the character of a homestead. Such was the construction actually given to the California act before it was adopted by Nevada, and the construction being most reasonable, may be presumed to have been adopted with the language of the statute; and such is the sound reason of the thing. Cohen v. Davis, 20 Cal. 187; Gluckauf v. Bliven, 23 Cal. 312. None of the defendants having established a homestead right superior to the mortgage, there must be a decree in favor of the complainant.