
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WMCV PHASE 3, LLC, | No.    15-15570 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-00661-GMN-NJK |
| v. | |
| GLOBAL ACCENTS, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Before:  WALLACE, McKEOWN, and BYBEE, Circuit Judges.

WMCV Phase 3, LLC (WMCV) appeals from the district court's entry of

judgment following a bench trial and award of attorney's fees and costs.  We

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    Global Accents, Inc. (Global) contends that this court lacks jurisdiction because WMCV failed to file a notice of appeal within thirty days after the entry of judgment.  *See* Fed. R. App. P. 4(a)(1)(A).  The district court, however, entered its final order and judgment on March 12, 2015, and WMCV filed a notice of appeal on March 24, 2015.  We reject Global's argument that the December 30, 2013 judgment resolving only claims between WMCV and Global was a final, appealable order.  Because that judgment did not resolve all claims between all parties, it was not appealable absent an express determination by the district court that there was "no just reason" for delaying appeal.  Fed. R. Civ. P. 54(b); *Lockwood v. Wolf Corp.*, 629 F.2d 603, 608 (9th Cir. 1980).  No such determination exists.  The December 2013 judgment was, therefore, not an appealable order.  WMCV's appeal from the March 2015 judgment was timely.

2.    The existence of apparent authority is a question of fact reviewed for clear error.  *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 n.2 (9th Cir. 2001); *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1295 (9th Cir. 1982).  The district court's finding that Shushok & McCoy, Inc. (SMI) had apparent authority to settle Global's debt on WMCV's behalf was not clearly erroneous.  Global provided testimony that WMCV employees instructed Global to resolve its debt through SMI and that a WMCV co-manager encouraged Global to accept SMI's

2

settlement offer. Moreover, no one at WMCV bothered to tell Global that WMCV had terminated its relationship with SMI, despite WMCV's knowledge that SMI continued to negotiate with Global. In light of these facts, the district court did not commit clear error in finding that SMI had apparent authority to settle with Global. *See Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 261–62 (Nev. 1997) (holding that an agent had apparent authority to enter into contracts on a principal's behalf based on the principal's representations that such authority existed). We also reject WMCV's contention that WMCV was not a party to the release. Although the release contained technical errors, under the circumstances of this case "there can be no question as to [whom the release] actually intended to [bind]." *Terry v. Berry*, 13 Nev. 514, 524 (1878)

3.      Global was contractually entitled to attorney's fees and costs as the prevailing party in WMCV's claim against Global for breach of the lease. Although the district court erred in construing Global's fees and costs as damages in Global's counterclaim, *see Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 968–71 (Nev. 2001) (explaining that attorney's fees claimed as damages must be "proven by competent evidence at trial, just as any other element of damages"), *overruled on other grounds by Horgan v. Felton*, 170 P.3d 982 (Nev. 2007), we affirm the attorney's fees awards in light of the contractual

3

provisions entitling Global to recoup its fees and costs incurred in successfully defending against WMCV's claims.

**AFFIRMED.**